Superior Court
of the
State of Delaware

Jan R. Jurden
*President Judge*

Leonard L. Williams Justice Center
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
Telephone (302) 255-0654

December 9, 2022

Patrick F. Croll
SBI# 214906
James T. Vaugh Correction Center
1181 Paddock Road
Smyrna, DE 19977

**RE:    State v. Patrick F. Croll, ID Nos. 0801001836, 0803007023**

Dear Mr. Croll:

The Court is in receipt of your "Motion for Fines & Restitution Collections" ("Motion") filed November 17, 2022.[1]  In your Motion, you ask the Court to "drop or add a month to [your] work release."[2]  You cite Superior Court Criminal Rule 32.1(b) as the basis for this request.[3]  For the reasons that follow, your Motion is **DENIED.**

Rule 32.1(b) states:

> **(b) Modification of Partial Confinement.**   The requirements of subdivision (a) of this rule shall apply before the terms or conditions of partial confinement or probation can be modified, unless the relief to be granted to the person on partial confinement or probation upon the person's request or the court' own motion is favorable to the person, and the attorney general, after having been given notice of the proposed relief and a reasonable opportunity to object, has not objected. An extension of the term of partial confinement or probation is not favorable to the person for the purposes of this rule.[4]

---

[1] Case No. 0801001836, D.I. 118; Case No. 0803007023, D.I. 112.

[2] Case No. 0801001836, D.I. 118; Case No. 0803007023, D.I. 112.

[3] Case No. 0801001836, D.I. 118; Case No. 0803007023, D.I. 112.

[4] Super. Ct. Crim. R. 32.1(b).

Subdivision (b), which you cite in your Motion, requires that the elements of subsection (a), must be met before the Court may consider modification of partial confinement or probation. Subdivision (a), on the other hand, provides the due process rights afforded to an individual who is "taken into or held in custody on the grounds that the person has violated a condition of partial confinement or probation."[5] Neither of these subdivisions apply in your case.

You have filed numerous motions for modification or reduction of your sentence, all of which have been denied.[6] Your instant Motion, although not styled as such, is a motion for modification. As such, it appears to be your sixth request to modify your sentence and is therefore barred as repetitive. In addition, the Superior Court rules prohibit the filing of miscellaneous motions.[7]

The sentence is appropriate for all the reasons stated at the time of sentencing. Therefore, your Motion for Modification of Sentence is **DENIED.**

      **IT IS SO ORDERED.**

                                      Very truly yours,

                                        /s/ Jan R. Jurden

                                        Jan R. Jurden
                                        President Judge

JRJ:ems
cc:    Prothonotary
        Gregory E. Smith, DAG

---

[5] Super. Ct. Crim. R. 32.1(b); *Young v. State*, 2014 WL 637059, at *1 (Del. 2014).

[6] Case No. 0801001836 – D.I. 80 (Jan. 1, 2014), D.I. 81 (Feb. 18, 2014); D.I. 103 (Dec. 21, 2017), D.I. 104 (Jan. 22, 2018); D.I. 105 (Nov. 19, 2018), D.I. 109 (Feb. 18, 2019); D.I. 110 (Dec. 31, 2019), D.I. 111 (Jan. 21, 2020); D.I. 116 (Dec. 27, 2021), D.I. 117, (Feb. 7, 2022). Case No. 0803007023 – D.I. 80 (Jan. 1, 2014), D.I. 81 (Feb. 18, 2014); D.I. 97 (Dec. 21, 2017), D.I. 98 (Jan. 22, 2018); D.I. 99 (Nov. 19, 2018), D.I. 103 (Feb. 18, 2019); D.I. 104 (Dec. 31, 2019), D.I. 105 (Jan. 21, 2020); D.I. 110 (Dec. 27, 2021), D.I. 111, (Feb. 7, 2022).

[7] *See State v. Walls*, 2018 WL 3689287, at *1 n.4 (Del. Super. July 31, 2018) (quoting *Alley v. State*, 2016 WL 3563490, at *1 n.4 (Del. June 21, 2016).